■ HELENA ASHTON, Appellant, v EQR RIVERSIDE A, LLC, et al., Respondents. [19 NYS3d 50]—

Order, Supreme Court, Appellate Term, First Department, entered on or about November 14, 2013, which, inter alia, reversed an order and judgment (one paper), Civil Court, New York County (Ann E. O'Shea, J.), entered December 5, 2012, after a nonjury trial, awarding plaintiff damages, directed judgment in favor of defendants, and dismissed the complaint, unanimously affirmed, without costs.

It was undisputed that defendants did not have actual or constructive notice of the height differential between the recessed well, which was covered by carpeting, and the surrounding marble tile, which caused plaintiff's trip and fall. The only evidence that defendants affirmatively created the condition by gluing the carpet to the floor of the well, failing to install a drainage system under the well, and improperly maintaining the carpet, causing it to become matted, was the testimony of plaintiff's expert. However, his conclusion was speculative, since he did not examine the carpet that was present on the day of the accident and there was no evidence that the replacement carpet was identical. Plaintiff's expert also failed to cite any industry standard or authoritative treatise supporting his opinion concerning proper maintenance and design of the area (*see Buchholz v Trump 767 Fifth Ave., LLC*, 5 NY3d 1, 8-9 [2005]; *Hotaling v City of New York*, 55 AD3d 396, 398 [1st Dept 2008], *affd* 12 NY3d 862 [2009]). Concur—Gonzalez, P.J., Friedman, Gische and Kapnick, JJ. ■